# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JAMES B. GOODMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PATRIOT MEMORY, LLC<br><br>Defendant. | Civil Action No. 4:14-CV-01360<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

*******************************************

NOW COMES Plaintiff, JAMES B. GOODMAN ("Goodman" herein), through his attorney, and files this Complaint for Patent Infringement and Demand for Jury Trial against PATRIOT MEMORY, LLC ("Patriot" herein).

## PARTIES

1. Goodman is an individual residing in the State of Texas.
2. On information and belief from the web site for Patriot, its U.S. Headquarters is located at 42027 Benicia Street, Fremont CA 94538.
3. On information and belief from the web site for Patriot, Patriot promotes the purchase of its products in this Federal Jurisdiction, and sells, and advertises many different memory products through major companies located in this Federal Jurisdiction such as Fry's Electronics, Best Buy, and Walmart.

## JURISDICTION AND VENUE

4. This is an action for patent infringement of United States Patent No. 6,243,315 (hereinafter "The '315 Patent") pursuant to the laws of the United States of America as set forth in Title 35 Sections 271 and 281 of the United States Code. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sec. 1338(a) and 28 U.S.C. Sec. 1331. Venue is proper in this judicial district under 28 U.S.C. §§§ 1391(b), (c) and 1400(b).

5. On information and belief, Patriot is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due to at least its business presence in this forum, including the infringement alleged herein.

6. On information and belief, Patriot, directly and/or through intermediaries, advertise at least through web sites and other web sites, offers to sell, sold and/or distributed its memory products, and/or has induced the sale and use of its memory products in this Judicial District. In addition, and on information and belief, Patriot is subject to the Court's general jurisdiction, including from regularly doing business, or soliciting business, or engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in this Judicial District.

7. Venue is proper in this district because on information and belief, Patriot has committed at least a portion of the infringement at issue in this case in this Judicial District.

## BACKGROUND

8. The relevant memory product sold by Patriot are within the standards established by the JEDEC Solid State Technology Association, 3103 North 10th Street, Suite 240-S, Arlington, VA 22201. The standards published by JEDEC state: "No claims to be in conformance with this standard may be made unless all requirements stated in the standard are met."

9. Thus, any memory product identified as being DDR2, DDR3, or DDR4 implies that the memory product conforms with the following JEDEC Standards JESD79-2F (for DDR2), JESD79-3F(for DDR3), or DESD79-4 (for DDR4), respectively. Each of these JEDEC Standard discloses that the memory product has at least two banks of memory (which is the equivalent of a plurality of memories), the main memory component of each memory product is a volatile memory (SRAM), and each memory product is capable of a power down mode for a bank of memory when there is no activity and this power down mode makes the input lines in a "don't care" state so nothing can go into the memory bank in a power down mode The "refresh" of the memory components is enabled in the power down mode.

10. Patriot sells and offers for sale at its web site memory products DDR2, and DDR3 for use in this Judicial District.

**CAUSES OF ACTION FOR PATENT INFRINGEMENT**

11. On June 5, 2001, the '315 Patent entitled "COMPUTER MEMORY SYSTEM WITH A LOW POWER MODE", was duly and legally issued to James B. Goodman, as the sole patentee.

12. Goodman is the sole owner of the '315 Patent, and has standing to bring this action.

13. Goodman has previously sued on the '315 Patent for patent infringement and licensed the following companies in the business of computer memory products: Alliance, Atmel, Infineon, Intel, Fujitsu, Elpida, Spansion, Hynix, ON Semiconductor, Nan Ya, and ISSI. In addition, IBM, Toshiba, Samsung, and Sharp are licensed under the '315 Patent.

14. On information and belief, Patriot knew of the litigation by Goodman enforcing his rights under the '315 Patent covering the claimed memory products, but Patriot continued to sell its memory products, DDR2, DDR3, and DDR4 products, with the intent to induce and to encourage people and companies to incorporate the memory products into systems to result in patent infringement of

the '315 Patent.

15. On information and belief, Patriot knew that its aforementioned memory products had no other use other than for infringement of the '315 Patent in combination with other components to result in infringement computer components.

## COUNT ONE

16. Goodman repeats and incorporates herein the allegations contained in paragraphs 1 through 15 above.

17. Patriot is knowingly inducing patent infringement of at least claim 1 of the '315 Patent at the least with its memory products known in the industry as DDR2, and DDR3 by selling to people and companies for combination with computers to result in direct patent infringement despite Patriot expecting this result. Hence, Patriot is liable for inducing patent infringement.

18. On information and belief, Patriot did not warn its customers of the patent infringement if its memory products were incorporated into systems such as computers.

## COUNT TWO

19. Patriot is a contributory infringer of at least claim 1 of the '315 Patent at the least with its memory products known in the industry as DDR2, and DDR3 by knowing inducing people and companies purchasing the memory products to combine the memory products with computers result in direct patent infringement despite Patriot expecting this result.

20. On information and belief, Patriot did not warn its customers of the patent infringement if its products were incorporated into systems such as computers. Hence, Patriot is liable for contributory patent Infringement.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial as to all issues in this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to:

a. enter judgment for Plaintiff Goodman on this Complaint;

b. order that an accounting be had for the damages caused to the Plaintiff Goodman by the infringing activities of the Defendant Patriot;

c. award Plaintiff Goodman interest and costs; and

d. award Plaintiff Goodman such other and further relief as this Court may deem just and equitable.

THE PLAINTIFF
JAMES B. GOODMAN

*/s/ David Fink*

David Fink
Reg. No. 299869
Fink & Johnson
7519 Apache Plume
Houston, Texas 77071
713.729.4991 Tel
713.729.4951 Fax

Attorney for the Plaintiff